**Bernard P. McDONOUGH et al.**

v.

**FIRST NATIONAL BOSTON CORPORATION et al.**

**Civ. A. No. 76–2591–G.**

United States District Court, D. Massachusetts.

July 13, 1976.

Paul Levenson, Lappin, Rosen, Goldberg, Slavet, Levenson & Wekstein, Boston, Mass., for plaintiffs.

Francis H. Fox, E. Susan Garsh, Bingham, Dana & Gould, Boston, Mass., for defendants.

## MEMORANDUM

CAFFREY, Chief Judge.

This is an action brought by a group of shareholders of the First National Boston Corporation ("FNBC") in which they seek a temporary restraining order or preliminary injunction restraining the purchase of a company known as Invenchek, Inc. ("Invenchek") by the officers and directors of the FNBC, defendants in this action. In Count 1 of their complaint plaintiffs, who collectively own some 170,400 shares of the over 12,000,000 shares of common stock issued and outstanding in the defendant corporation, seek preliminary relief on the theory that the purchase of Invenchek, a company with a net book value of between $100,000 and $150,000, by transfer of 36,144 shares of FNBC stock with a par value of $6.25 per share and a market value of over $1,000,-000, would dilute the value of their individual shareholder interests. In Count 2 of the complaint, plaintiffs bring a derivative action on behalf of FNBC alleging in effect that the proposed action by the defendant officers and directors would waste the assets of the corporation and would, because of failure to disclose material information to the public, violate the standard of duty owed by officers and directors to their corporation.

Plaintiffs have submitted in support of their motion for preliminary relief the affidavit of John Burns, III, their attorney in this action, and a memorandum of law. Defendants have submitted the affidavits of T. McLean Griffin and Benjamin J. Bowden and a memorandum of law in opposition to plaintiffs' motion. The affidavit of John Burns contains attached exhibits consisting of correspondence between a plaintiff shareholder in this suit, Bernard P. McDonough and officers of FNBC. The affidavits of T. McLean Griffin and Benjamin Bowden contain attached exhibits consisting of the pertinent votes by the directors of FNBC, the Stock Exchange Agreement between FNBC and Invenchek, financial statements of Invenchek and FNBC and a copy of the order of the Board of Governors of the Federal Reserve System which approved the Stock Exchange Agreement between FNBC and Invenchek. After hearing, I rule as follows:

The law is well settled in this circuit that as a prerequisite to the issuance of preliminary relief, plaintiffs must show that in the absence of relief they will suffer immediate and irreparable injury and that there is a reasonable probability that they will ultimately prevail in the litigation. *Automatic Radio Mfg. Co. v. Ford Motor Co.*, 390 F.2d 113, 115 (1 Cir. 1968); *Boston Professional Hockey Assoc. v. Cheevers*, 348 F.Supp. 261 (D.Mass.1972); *Cuneo Press of New England, Inc. v. Watson*, 293 F.Supp. 112, 115 (D.Mass.1968).

Plaintiffs have failed to show that they will suffer immediate harm on either theory proposed in the two-count complaint. Plaintiffs ask the Court to believe that the

experienced financial officers of FNBC, whose affidavits allege that Invenchek has a potential worth far in excess of its present net book value, have been culpable of unsound business judgment and have violated M.G.L.A. c. 156B, § 18 by exchanging stock for a company worth less than the total par value of that stock. However, the submissions to the Court do not appear to bear out plaintiffs' fear. The papers of the defendant tend to show that Invenchek is an established company in the business of providing floorplan lenders nationwide inventory-verification supplied through a network of approximately 5,000 field auditors, and that it has considerable potential for growth. Furthermore, defendants' papers tend to show that with the purchase of Invenchek, FNBC could forego the establishment *de novo* of a subsidiary company to provide the necessary services offered by companies in Invenchek's line of business. I note in addition that the Federal Reserve Board, after public investigation, has found that the purchase of Invenchek serves the public interest by expanding the floorplan lending services of the First National Bank. Consequently, I find that, whatever may be the long term outcome of the proposed purchase, plaintiffs have not shown that they individually or the corporation in its entirety will suffer immediate harm.

Nor have the plaintiffs shown adequately that they as individuals or the corporation in its entirety will suffer irreparable injury. Although plaintiffs have not asked for damages in their prayer for relief, the Massachusetts statutory scheme, which plaintiffs allege in Count 1 defendants have violated, provides an adequate remedy at law. If plaintiffs in Count 1 show that the transferred stock for the purchase of Invenchek resulted in a dilution of their interests M.G.L.A. c. 156B, § 60 allows recovery from the directors "to the extent of the actual damage sustained . . . ." Similarly, if plaintiffs show in Count 2 that defendants are responsible for corporate waste, defendants may be compelled to make the corporation whole. Hence, the loss suffered by plaintiffs individually or the corporation as a whole is not irreparable.

Plaintiffs have equally failed to show a probability of success on the merits on either of their claims in Counts 1 and 2. The Griffin and Bowden affidavits submitted by defendants indicate that the plan to purchase Invenchek with FNBC stock was given careful consideration over a number of years. The experienced financial officers of the FNBC did not elect to close the Stock Exchange Agreement of April 22, 1974 until June 1, 1976. Bowden Affidavit, pp. 2–3. Defendants have made an adequate showing here, as they did for different purposes before the Federal Reserve Board, that Invenchek has a value to the FNBC which far exceeds its net book value of between $100,000 and $150,000. I find on the basis of the Griffin and Bowden affidavits that there is only a remote chance that plaintiffs could show that Invenchek ultimately was worth less than the aggregate par value of the stock transferred in the Stock Exchange Agreement ($225,900). On the submissions before me, I find further that the directors of the FNBC exercised sound business judgment which the Court should be loath to set aside.

Plaintiffs face difficulty in prevailing ultimately on the merits of Count 2 of their complaint. Under Rule 23.1, F.R.Civ.P., plaintiffs are required, in bringing a derivative suit to allege with particularity the efforts made to obtain the action (or, in this case, the cessation of action) they desire from the directors. The exhibits attached to the complaint tend to show that the principal plaintiff in this case, Bernard P. McDonough, asked FNBC to reconsider their decision to purchase Invenchek. In his later letters in this series of correspondence attached to the complaint, it appears that Mr. McDonough was worried principally about the use of stock to purchase Invenchek, but was willing to see the purchase accomplished by cash payment. It is unlikely, without further submission, that these letters constitute the demand upon directors required by Rule 23.1, F.R.Civ.P. Nothing in the file before me reveals any reason why plaintiffs should be excused from making demand upon the directors.

*Cf. In re Kauffman Mutual Fund Actions,* 479 F.2d 257 (1 Cir. 1973). Furthermore, it is the law of this circuit that plaintiffs in a derivative action brought under the court's diversity jurisdiction must make a demand upon shareholders prior to institution of their claim. *In re KMF Actions,* 56 F.R.D. 128 (D.Mass.1972), aff'd on other grounds, 479 F.2d 257 (1 Cir. 1973). Plaintiffs on a motion to dismiss might well be able to show that requirement of demand upon shareholders worked a real hardship upon them. The Court might then see fit to excuse them from the requirement of demand on shareholders. However, nothing is now before the Court to establish the probability that plaintiffs should be excused from the requirement of demand on directors.

In sum, plaintiffs have not shown either that immediate or irreparable harm to them will result if the Stock Exchange Agreement between FNBC and Invenchek is closed on July 15, 1976 or that there is a probability of success on the merits on the claims in Counts 1 and 2 of the complaint.

Accordingly, an Order will be entered denying plaintiffs' application for a temporary restraining order and plaintiffs' motion for preliminary injunction.

So ordered.